UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------x
MARILUZ CARMONA,

                       Plaintiff,

       **-**against–

GENE R. KAZLOW D/B/A KAZLOW
& KAZLOW, and XAVERIAN HIGH
SCHOOL,

                      Defendants.
-------------------------------------------------x

               ECF CASE
               Case No. 16-cv-04723-MKB-RML

### DECLARATION OPPOSING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

      NOW COMES Ahmad Keshavarz and pursuant to 28 U.S.C. § 1746, declares under penalty of perjury that the following is true and correct:

    1.  I am the attorney for Plaintiff in this action, and as such am familiar with the facts and circumstances set forth herein. I make this affidavit in opposition to Defendants' Motion for Summary Judgment. [DE 16].

    2.  Attached is a true and correct copy of the following: Plaintiff's Exhibit A- The September 4, 2015 Order denying Plaintiff's motion to vacate the default judgment.

    3.  Attached is a true and correct copy of the following: Plaintiff's Exhibit B- The Volunteer Lawyer for the Day limited notice of appearance.

    4.  Attached is a true and correct copy of the following: Plaintiff's Exhibit C- The Volunteer Lawyer for the Day limited scope retainer agreement.

    5.  Attached is a true and correct copy of the following: Plaintiff's Exhibit D- The E-Courts screens for the collection lawsuit.

    6.  Attached is a true and correct copy of the following: Plaintiff's Exhibit E- The February 6,

2016 Declaration of Mariluz Carmona in opposition to Defendants' Motion for Summary Judgment.

   7.   Attached is a true and correct copy of the following: Plaintiff's Exhibit F- The City of New York Office of Payroll Administration ledger reflecting the garnishments.


Dated: Brooklyn, New York
       February 7, 2017

       Respectfully submitted,

By:

   __/s/_____
Ahmad Keshavarz
The Law Office of Ahmad Keshavarz
ATTORNEY FOR PLAINTIFF
16 Court St., 26th Floor
Brooklyn, NY 11241-1026
Phone: (718) 522-7900
Fax:    (877) 496-7809

# EXHIBIT A

CIVIL COURT OF THE STATE OF NEW YORK          Index No.CV-044325-05
COUNTY OF KINGS

---

XAVERIAN HIGH SCHOOL
*Plaintiff,*

      -against-                                     **DECISION/ORDER**

MARILUZ CARMONA                               Present:
                                              Hon. NOACH DEAR
*Defendants.*                                 Acting Supreme Court Justice

---

| | |
|---|---|
| Notice of Motion and Affidavit...................................................... | |
| Order to Show Cause and Affidavit................................................ | 1 |
| Answering Affidavits ................................................................... | 2 |
| Replying Affidavits ...................................................................... | 3 |
| Exhibits ....................................................................................... | 4 |
| Other: .......................................................................................... | |

Upon the foregoing cited papers, the Decision/Order on this motion is as follows:

Defendant moves to vacate the default judgment entered against her on July 18, 2005.
Plaintiff opposes the motion.

Defendant states that she was not served properly and only became aware of the judgment

when her wages were garnished. However, defendant does not specify the date that she learned of

the garnishments. Defendant state that after reviewing the affidavit of service, she does not believe

she was properly served because she only resided in the home with her two sons and there is no

"relative" who would identify as "Ms. Carmona" who would have answered the door.

Plaintiff argues that defendant does not dispute residing at the address, nor does defendant

address the follow up mailing delivered to the same address. Moreover, plaintiff states that defendant

has failed to provide a meritorious defense to the action.

In order to successfully oppose a default judgment motion based on the failure to serve an

answer, the defendant must demonstrate a reasonable excuse and provide a meritorious defense.

1

CPLR §5015(a)(1); *Belesi v Gifford*, 269 A.D.2d 552 (2d Dept. 2000).   Defendant only makes non-conclusory allegations of improper service.  Defendant simply states that there is no "relative" that would answer the door, but does not provide any additional information.  Defendant does not address the mailing on May 10, 2005 that was allegedly mailed to the same address.  Defendant does not provide any substantive information in opposition to the affidavit of service that would warrant the Court to order a traverse hearing.  Moreover, if the Court were to establish that defendant had an excusable default for her failure to answer timely, defendant fails to provide a meritorious defense to the action.  Defendant does not provide the Court with any information to refute the alleged debt.  A such, defendant's motion is DENIED.

The foregoing constitutes the decision and order of this Court.

ENTER,

Dated: September 4, 2015

_____
A.J.S.C.

# EXHIBIT B

**Civil Court of the City of New York**

County of _Kings_____ Part_____

Index Number _044325-05_____

_Xaverian High School_ Petitioner(s)

against

_Mariluz Carmona_ Respondent(s)

**LAWYER FOR THE DAY
LIMITED NOTICE OF
APPEARANCE PURSUANT TO STUDENT
PRACTICE ORDER**

I am an attorney admitted to practice in the State of New York. You are hereby notified that in the above-entitled action I, respectively, represent the Client, and supervise the Law Graduate listed below:

☐ Petitioner _____     ☑Respondent _Mariluz  Carmona_____

On this _____day of _____ in the PA Part.

**My representation automatically terminates after today's appearance in the PA Part without any further act or communication by any party. My client has specifically agreed to this limited-service representation, and understands that my representation begins and ends today with my appearance in the PA Part and that s/he is participating in a special project.**

BY: _Sidney  Cherubin_____

(Print Name)

ADDRESS: _44 Court Street #1206____

_Brooklyn NY 11201_____

TELEPHONE # : _____

_10/20/15_____          _____
(Date)                                    (Signature)

I am a Law Graduate awaiting admission to the New York State bar and acting pursuant to a Student Practice Order under the supervision of the Volunteer Lawyer for the Day Supervising Attorney to provide legal advice and limited scope representation in this matter.

**My representation automatically terminates after today's appearance in the PA Part without any further act or communication by any party. My client has specifically agreed to this limited-service representation, and understands that my representation begins and ends today with my appearance in the PA Part and that s/he is participating in a special project.**

BY: _Samson  A_____

(Print Name)

_10/20/15_____          _____
(Date)                                    (Signature)

NYA2J-C-6 (1/10)

**Civil Court of the City of New York**

County of _Kings_____ Part_____

Index Number ___044 325-05_____

_Xaverian High School_
_____

Plaintiff(s)

against

_Mariluz Carmona_
_____

Defendant(s)

**LAWYER FOR THE DAY**
**LIMITED NOTICE**
**OF APPEARANCE**

I am an attorney admitted to practice in the State of New York. You are hereby notified that in the above-entitled action I represent:

☐ Petitioner _____     ☒ Respondent _Mariluz Carmona_

On this _14th_ day of _October 2015_____ in the Personal Appearance Part.
_20th_

**My representation is for the purposes of settlement negotiation only. I do not hereby enter a notice of appearance for trial. My representation automatically terminates after today's appearance in the Personal Appearance Part without any further act or communication by any party. My client has specifically agreed to this limited-service representation, and understands that my representation begins and ends today with my appearance in the Personal Appearance Part and that s/he is participating in a special project.**

BY:     _Sidney Cherubin_
        (Print) Name)

ADDRESS:  _44 Court St., Suite 1206_
          _Brooklyn, NY 11201_
          _____

TELEPHONE:  _718-624-3895_

Date: _10/14/15_

_Sidney Cheru_
(Signature)

# EXHIBIT C

## VLFD PROJECT LIMITED SCOPE RETAINER AGREEMENT

This is a Limited Scope Retainer Agreement between _Marilu2 Carmona_
(Name of Client) _Samson Adler_ (Name of Law School Graduate),and Glenna Goldis (Name of
Supervising Attorney).
_Xaverian high School_
Case Name: _v. Marilu2 Carmona_                    Index No.: _044325-05_

The Law School Graduate, also called Law Graduate, holds a law degree but is not yet admitted to the New York Bar. The Law Graduate is, however, authorized by a court order to advise and represent Client in certain types of cases under the supervision of an attorney. The Supervising Attorney will oversee the work of the Law Graduate but will not directly represent Client.

**1.   Obligations of Law Graduate:**
(A) Law Graduate agrees to represent Client in the Personal Appearance Part ONLY for today, _10/20/15_. Law Graduate's services may include an evaluation of the strengths and weaknesses of the case, legal advice and negotiation of a settlement. Law Graduate's representation of Client ends after Law Graduate's appearance in the Personal Appearance Part on this day.
 Law Graduate will not represent or assist Client in the future, even if the case is adjourned or settlement efforts continue past today.

(B) Law Graduate does not agree to represent Client beyond this date. If the case is adjourned for another court appearance in the **Personal Appearance Part**, Client may still participate in the **Volunteer Lawyer For The Day** (VLFD) Project. To obtain the representation of a VLFD- Law Graduate or Lawyer for a future appearance in the **Personal Appearance  Part**, Client will have to enter a new retainer agreement.

(C) Client hereby agrees that he or she has been told that the representation is being provided in whole or in part, by a Law Graduate. Client further agrees to such representation, and understands that his or her agreement may be withdrawn at any time for any reason. If that happens, representation will not be provided.

**2.   Effective Date of Agreement:** _10/20/15_

**3. Automatic Termination of Agreement:** Law Graduate's representation of Client ends automatically after today's appearance in the **Personal Appearance Part** without any further act or communication by Law Graduate or Client.

**4.   Fee:** Law Graduate's and Supervising Attorney's services under this agreement are free.

**5.   Obligations of Client:**
(A)    Client agrees to read the Client Intake Sheet and to make sure it is correct.
(B)    Client agrees to cooperate with Law Graduate in this case.
(C)    Client agrees to permit Law Graduate to discuss this case with the Supervising Attorney.
(D)    Client is responsible for handling this case after today by himself or herself unless a new retainer agreement is signed on the next court date.

**6.   Client's Informed Consent:**
Client has carefully read the **Client Intake Sheet** and **this Agreement**. Client has discussed both with Law Graduate. Client understands that this is an Agreement for limited-service representation that automatically stops at the end of Law Graduate's appearance in the Personal Appearance Part on today's date. Client further understands that the representation does not include trial, hearing or appellate work, even where a settlement cannot be reached between the parties. In the event of an adjournment or continuance, Law Graduate may offer Client materials and/or referrals to agencies, organizations, or other courts where appropriate.

Date: _10/20/15_

| _Marilu2 Carmona_ | _Samson Adler_ | Glenna Goldis |
|---|---|---|
| (Name of Client) | (Name of Law Graduate) | (Name of Supervising Attorney) |
| _Marilu Carmona_ | _SA_ | _Glen Go_ |
| (Signature of Client) | (Signature of Law Graduate) | (Signature of Supervising Attorney) |

NYA2J-C-3T (1/10)

### VOLUNTEER LAWYER FOR THE DAY
### CONSUMER CREDIT PROJECT
### LIMITED SCOPE RETAINER AGREEMENT



This is a Limited Scope Retainer Agreement between _Mariluz  Carmona_ and
_Sidney  Cherubin_ .                                           (Name of Client)
    (Name of Lawyer)
Case Name: _Xaverian  High School_          Index No.: _04432_
          v. Mariluz  Carmona

**1. Obligations of Lawyer:**

    (A) Lawyer agrees to represent Client in the **Personal Appearance Part** ONLY for today,
_10/14/15_ , 20~~14~~. Lawyer's services may include: talking about the strengths and
weaknesses of the case; providing legal advice; and, attempting to negotiate a settlement. Lawyer
will not represent defendant in a trial. Lawyer's representation of Client ends after Lawyer's
appearance in the **Personal Appearance Part** on this day. Lawyer will not represent or help
Client in the future, even if the case is adjourned or settlement efforts continue after today.

    (B) Lawyer does not agree to represent Client after this date. If the case is adjourned for another
court appearance in the **Personal Appearance Part**, Client may still participate in the **Volunteer
Lawyer For The Day (VLFD) Project**. To have the representation of a VLFD- Lawyer for a
future appearance in the **Personal Appearance Part**, Client will have to enter a new
agreement.

**2. Effective Date of Agreement:** _10/14/15_ .

**3. Automatic Termination of Agreement:** Lawyer's representation of Client ends automatically after
today's appearance in the Personal Appearance Part without any further notice by Lawyer or Client.

**4. Lawyer's Fee:** Lawyer's services under this agreement are free.

**5. Obligations of Client:**

    (A) Client agrees to read the Referral Sheet and to make sure it is correct.
    (B) Client agrees to cooperate with Lawyer in this case.
    (C) Client agrees to permit Lawyer to discuss this case with the VLFD Project's Coordinating
Attorney.
    (D) Client is responsible for handling this case after today by himself or herself.

**6. Client's Informed Consent:**

Client has carefully read the Referral Sheet and this Agreement. Client has discussed both with Lawyer.
Client understands that this is an Agreement for limited-service representation that automatically stops at
the end of Lawyer's appearance in the Personal Appearance Part on today's date. Client further
understands the possible risks and benefits of limited service-representation described in this agreement.
Client understands those possible risks and benefits, Client still wants to make this agreement with
Lawyer.

Dated: _10/14/15_

_Mariluz  Carmona_                          _Sidney  Cherubin_
    Name of Client                                Name of Lawyer

_Marilu Carmon_                             _Sidney Chel_
    Signature of Client                          Signature of Lawyer

# EXHIBIT D



# New York State Unified Court System

## *WebCivil Local - Case Search Results*

1 Case(s) Match Your Search.   **Page 1 of 1 pages**
[New Search]   [Edit Search]

Please scroll down to see more cases.

| | Court | Index Number | Case Status | Plaintiff | Plaintiff Firm | Defendant | Defendant Firm | Appearance Date | Judge/Part | |
|---|---|---|---|---|---|---|---|---|---|---|
| 1 | Kings County Civil Court | CV-044325-05/KI | Post Disposition - Appeal Pending | XAVERIAN HIGH SCHOOL | KAZLOW & KAZLOW | MARILUZ CARMONA | | 10/20/2015 | Honorable Noach Dear Part 34C - Consumer Debt | M |

[New Search]   [Edit Search]



# New York State Unified Court System

## *WebCivil Local - Case Detail*

| | |
|---|---|
| Court: | **Kings County Civil Court** |
| Index Number: | **CV-044325-05/KI** |
| Case Name: | **XAVERIAN HIGH SCHOOL vs. CARMONA, MARILUZ** |
| Case Type: | **Civil** |
| Classification: | |
| Filing Date: | **05/16/2005** |
| Disposition Date: | **03/10/2007** |
| Calendar Number: | |
| Jury Demand: | **No** |
| Judge Name: | |

Attorney/Firm(s) For Plaintiff - XAVERIAN HIGH SCHOOL:

**KAZLOW & KAZLOW**                              Attorney Type: **Firm**

**237 WEST 35 ST., 14TH FLOOR**
**NEW YORK, New York  10001-**
**(212)947-2900**


Attorney/Firm(s) For Defendant - MARILUZ CARMONA:

**Self-Represented Litigant**

[ Close ]  [ Show All Appearances ]  [ Show Motions ]  [ Add to eTrack ]

Case 1:16-cv-04723-MKB-RML   Document 25   Filed 02/07/17   Page 15 of 24 PageID #: 520



New York State Unified Court System



# WebCivil Local - Appearance Detail

Court:            **Kings County Civil Court**
Index Number:  **CV-044325-05/KI**
Case Name:     **XAVERIAN HIGH SCHOOL vs. CARMONA, MARILUZ**
Case Type:     **Civil**

## Appearance Information:

| Appearance Date | Time | Purpose | Appearance Outcome | Judge / Part | Motion Seq |
|---|---|---|---|---|---|
| 10/20/2015 | 09:30 AM | Motion | Submitted | Honorable Noach Dear<br>Part 34C - Consumer Debt | 002 |
| 10/14/2015 | 09:30 AM | Motion | Adjourned | Honorable Noach Dear<br>Part 34C - Consumer Debt | 002 |
| 07/15/2015 | 09:30 AM | Motion | Submitted | Honorable Noach Dear<br>Part 34C - Consumer Debt | 001 |
| 06/17/2015 | 09:30 AM | Motion | Adjourned | Honorable Noach Dear<br>Part 34C - Consumer Debt | 001 |
| 05/28/2015 | 09:30 AM | Motion | Adjourned | Honorable Noach Dear<br>Part 34C - Consumer Debt | 001 |

Close





## *WebCivil Local - Motion Detail*

Court: **Kings County Civil Court**
Index Number: **CV-044325-05/KI**
Case Name: **XAVERIAN HIGH SCHOOL vs. MARILUZ CARMONA**
Case Type: **Civil**

**Motion Information:**

| Motion Number | Date Filed | Filed By | Relief Sought | Nature of Decision/Judge | Decision Date | Order Signed Date |
|---------------|-----------|----------|---------------|--------------------------|---------------|-------------------|
| 002 | 09/16/2015 | Defendant | Reargue | Denied<br>Before Judge: Honorable Noach Dear | | |
| 001 | 05/15/2015 | Defendant | Vacate Judgment | Denied<br>Before Judge: Honorable Noach Dear | | |

Close

# EXHIBIT E

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------x
MARILUZ CARMONA,

                        Plaintiff,

          -against–

GENE R. KAZLOW D/B/A KAZLOW
& KAZLOW, and XAVERIAN HIGH
SCHOOL,

                     Defendants.
------------------------------------------------------x

ECF CASE
Case No. 16-cv-04723-MKB-RML

## AFFIDAVIT OF MARILUZ CARMONA IN OPPOSITION TO DEFENDANT KAZLOW'S MOTION FOR SUMMARY JUDGMENT

MARILUZ CARMONA, being duly sworn, deposes and says:

1.  I am the Plaintiff in this action, and as such am familiar with the facts and circumstances set forth herein. I make this affidavit in opposition to Defendants' Motion for Summary Judgment. [DE 16].

2.  On July 27, 2005, Xaverian High School, through its attorney Kazlow & Kazlow ("Kazlow"), initiated a lawsuit against me in Kings County Civil Court, styled *Xaverian High School v. Mariluz Carmona,* CV-44325-05/KI (the "collection case").

3.  I was never served with a summons and complaint in that case, and a default judgment was therefore entered against me on July 18, 2005.

4.  On March 31, 2015, Kazlow began garnishing my wages. This was the first time I learned about the default judgment.

5.  On May 15, 2015, I filed a *pro se* Order to Show Cause ("OSC") to have the default judgment vacated for improper service. A judge signed my OSC that same day and issued a stay barring Kazlow from executing on my income.

1

6.  On September 4, 2015 my May 15, 2015 OSC was denied.

7.  I filed another OSC on September 16, 2015, seeking permission to re-argue the May 15, 2015 OSC. A judge signed the OSC that day and issued another stay of enforcement.

8.  However, despite the September 16, 2015 Order staying enforcement of the sewer-service default judgment, Kazlow continued to garnish my income.

9.  I was garnished three times while the September 16 stay was in effect: once on September 30, 2015 in the amount of $149.65; once on October 15, 2015 in the amount of $331.63; and once on October 30, 2015 in the amount of $149.65. The total amount of the garnishments was $630.93. Attached are true and correct copies of the paystubs reflecting those garnishments.

10. I am a low-income New Yorker and I desperately needed that money to pay my bills and feed my family.

11. On October 20, 2015 I went to a hearing for the collection case. I was represented by Sydney Cherubin, an attorney with the Volunteer Lawyer for a Day program.

12. For that day's hearing and for every other hearing when Mr. Cherubin assisted me in court, it was pursuant to a "Limited Scope Retainer Agreement" where we agreed that the scope of his representation was limited to that single hearing on that single day.

13. Attached are true and correct copies of two of those Limited Scope Retainer Agreements.

14. I was "*pro se*" during the collection lawsuit.  No attorney filed a general appearance on my behalf.

15. In my November 16, 2015 paycheck my employer refunded $149.65 the amount of one of the prior garnishments.

16. By the summer of 2016 I still had not been refunded for the September 30, 2015 and October 15, 2015 garnishments.

2

17.   Kazlow only refunded all my money after my attorney filed this FDCPA lawsuit. The $331.63 garnishment of October 15, 2015 was refunded to me through my employer on September 30, 2016. The $149.65 payment of September 30, *2015* was refunded to me on October 12, *2016* via a check that Marshal Bienstock sent to my attorney.

18.   I read paragraph 14 of Marshal Beinstock's affirmation dated December 22, 2016.  I do not believe I ever called Mr. Beinstock's office.

19.   Although Marshal Bienstock claims to have sent me a refund check on November 6, 2015 for the September 30, 2015 garnishment, I never received that check nor was informed that there was such a check mailed to me or to be mailed to me.

20.   After I filed my FDCPA lawsuit, Mr. Beisnsock mailed a check to my attorney Ahmad Keshavarz on or about September 14, *2016* for 149.65.

21.   I never received any check from Mr. Beinstock prior to my filing of this FDCPA lawsuit.

22.   The state court had granted me a stay of collections on September 16, 2015, and that stay continued until November 5, 2015 when I lost my motion to reargue.

23.   Kazlow's wrongful garnishments during this stay period of September 16, 2015 to November 5, 2015 caused me severe anxiety and emotional distress.

24.   During the wrongful garnishments in September and October, 2015 I was the sole source of support for both myself and my adult son who lives with me. My son is disabled. During the fall of 2015 (and through today) he was recovering from a major accident with substantial spinal cord damage.

25.   The garnishments in violation of the September 16 OSC  stay took me completely by surprise.

26.   I had to borrow money in order to pay her rent and electricity, which I was loath to do.

3

27.     Following the unlawful garnishments during the stay I went to the doctor several times for anxiety and high blood pressure, and was prescribed medication for both.

28.     I lost my appetite, resulting in substantial weight loss.

29.     I had great difficulty sleeping for weeks following the unlawful garnishments made during the stay.

30.     For many months I felt the anxiety associated with the garnishments and had about four hours of sleep per night.

31.     I suffered embarrassment at my job due to the garnishment and developed social anxiety.  I am no longer able to socialize with my friends and family as I once did.

32.     I had not realized it until it was pointed out to me today, but Mr. Kazlow also violated my prior order to show cause of May 15, 2015 which was in effect until September 4, 2015.

33.     According to a printout from my employer's office during the pendency of this lawsuit, Mr. Kazlow garnished my paycheck on May 15, 2015, once on May 29, 2015, and once on June 15, 2015.

34.     Attached is a true and correct copy of my June 15, 2015 paystub showing a garnishment of $149.65 during the May 15, 2015 stay.

MARILUZ CARMONA

Sworn to before me this 6th day of February, 2017

Notary Public

FABIEN ROBLEY
Notary Public, State of New York
No. 02RO6153634
Qualified in Kings County
Commission Expires 10/10/20

5

# EXHIBIT F



**City of New York**

## Office of Payroll Administration

### Garnishment Information System

_Employees' Garnishment Deduction Transaction History Details_

**Payroll Number:** 44    **Agency:** DEPT OF ED PARA PROFESSIONALS    **Payroll Distribution Code:** 21K540

**Creditor:** XAVERIAN HIGH SCHOOL    **Debtor:** Marilu Camrone    **Index Number:** 4432505

| Judgment ID | Social Security # | Check Number | Pay Date | Deduction Amount | Interest Paid | Poundage Paid | Interest Paid | Principal Paid | Status |
|---|---|---|---|---|---|---|---|---|---|
| 139004 | XXX-XX-3195 | Z45140287 | 03/31/2015 | $145.26 | $37.09 | $7.26 | $100.91 | $0.00 | Paid to Collector - Check# 40048 |
| | | Z45277426 | 04/15/2015 | $145.26 | $0.00 | $7.26 | $138.00 | $0.00 | Paid to Collector - Check# 40084 |
| | | Z45423176 | 04/30/2015 | $145.26 | $0.00 | $7.26 | $138.00 | $0.00 | Paid to Collector - Check# 40084 |
| | | Z45557256 | 05/15/2015 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | 8117 Refund - Chk# Z 50257803 - $149.65 |
| | | Z45666269 | 05/29/2015 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | 8117 Refund - Chk# Z 45909453 - $149.65 |
| | | Z45802837 | 06/15/2015 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | 8117 Refund - Chk# Z 46702436 - $149.65 |
| | | Z46817210 | 09/30/2015 | $149.65 | $0.00 | $7.48 | $142.17 | $0.00 | Paid to Collector - Check# 40239 |
| | | Z46926817 | 11/15/2015 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | 8117 Refund - Chk# Z 50257803 - $33.63 |
| | | Z47082249 | 10/30/2015 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | 8117 Refund - Chk# Z 47238873 - $149.65 |
| | | Z48360034 | 03/15/2016 | $149.65 | $0.00 | $7.48 | $142.17 | $0.00 | Paid to Collector - Check# 40451 |
| | | Z48501436 | 03/31/2016 | $149.65 | $0.00 | $7.48 | $142.17 | $0.00 | Paid to Collector - Check# 40451 |
| | | Z48644190 | 04/15/2016 | $149.65 | $0.00 | $7.48 | $142.17 | $0.00 | Paid to Collector - Check# 40488 |
| | | Z48788366 | 04/29/2016 | $149.65 | $0.00 | $7.48 | $142.17 | $0.00 | Paid to Collector - Check# 40488 |
| | | Z48932704 | 05/16/2016 | $154.87 | $0.00 | $7.74 | $147.13 | $0.00 | Paid to Collector - Check# 40521 |
| | | Z49074906 | 05/31/2016 | $154.87 | $0.00 | $7.74 | $147.13 | $0.00 | Paid to Collector - Check# 40521 |
| | | Z49188484 | 06/15/2016 | $154.87 | $0.00 | $7.74 | $147.13 | $0.00 | Paid to Collector - Check# 40554 |
| | | Z49301298 | 06/30/2016 | $154.87 | $0.00 | $7.74 | $147.13 | $0.00 | Paid to Collector - Check# 40554 |
| | | Z49431822 | 07/15/2016 | $154.87 | $0.00 | $7.74 | $147.13 | $0.00 | Paid to Collector - Check# 40591 |
| | | Z49553280 | 07/29/2016 | $154.87 | $0.00 | $7.74 | $147.13 | $0.00 | Paid to Collector - Check# 40591 |
| | | Z49663663 | 08/15/2016 | $154.87 | $0.00 | $7.74 | $147.13 | $0.00 | Paid to Collector - Check# 40631 |
| | | Z49773750 | 08/31/2016 | $154.87 | $0.00 | $7.74 | $147.13 | $0.00 | Paid to Collector - Check# 40631 |

09/27/2016 TUE 14:17 FAX    ☑001